**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-03031-STV

LENNY P. SULLEY,

    Plaintiff,

v.

JASON C. TAYLOR,

    Defendant.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

This civil action is before the Court on Plaintiff's Notice of Motion for Judgment on the Pleadings ("the Motion"). [#26] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [#7, 11, 12] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, **IT IS ORDERED** that the Motion is **DENIED** and Defendant is **ORDERED** to file an amended answer on or before **August 7, 2020**.

**I.    BACKGROUND**

This lawsuit arises out of the alleged breach of agreements related to Defendant Jason C. Taylor's purchase of a debt collection business from Plaintiff Lenny P. Sulley. [#1] Plaintiff alleges that, on April 1, 2009, Defendant entered into a Stock Purchase Agreement (the "Agreement") with him to purchase a debt collection business. [*Id.* at ¶ 7] On July 31, 2012, Defendant exercised his right under the Agreement to purchase the

remaining stock of the business from Plaintiff and entered into a promissory note (the "Note") personally guaranteeing a loan for $714,000.  [*Id.* at ¶ 8]  Defendant made the required payments through October 2017, but notified Plaintiff in November 2017 that he was no longer able to make the agreed upon monthly payments.  [*Id.* at ¶¶ 9, 10]  As a result, on December 11, 2017, Plaintiff and Defendant entered into an Amended Promissory Note (the "Amended Note") for the remaining principal balance of $342,573.42.  [*Id.* at ¶ 11]  Defendant made the required payments under the Amended Note through July 2018, at which time Defendant defaulted.  [*Id.* at ¶ 14]  The remaining principal balance at the time of default was $326,923.13.  [*Id.* at ¶ 15]

Shortly after the default, Plaintiff discovered that Defendant had not maintained a current corporate filing with the Colorado Secretary of State or license with the Colorado Collection Agency Board for the business.  [*Id.* at ¶ 16]  Plaintiff also alleges that Defendant, in violation of the Note, removed tangible property from the business, including all of the business's client files.  [*Id.* at ¶ 18]  Plaintiff contends that, as a result of these actions, he was unable to retain operation of the business to try to recuperate the losses resulting from Defendant's default.  [*Id.* at ¶¶ 17, 18]  On December 31, 2018, Plaintiff sent Defendant a demand for payment.  [*Id.* at ¶ 19]

On October 23, 2019, Plaintiff, proceeding pro se, initiated the instant lawsuit against Defendant by filing a Complaint asserting a single claim for breach of contract based upon Defendant's alleged default on the Amended Note, failure to maintain corporate filings and licensing for the business, and removal of tangible property from the business.  [*Id.*]  On November 21, 2019, Defendant, proceeding pro se, filed his Answer to the Complaint.  [#6]  Although Defendant admitted that he had entered into the agreements and was unable to make payments thereunder, he denied "owing anything" to Plaintiff and denied that Plaintiff had been injured as a result of Defendant not maintaining the business filings and license and returning client files to the original creditors.  [*Id.*]

2

On May 4, 2020, Plaintiff filed the instant Motion seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  [#26]  On June 9, 2020, Defendant filed a response in opposition to the Motion [#32], and Plaintiff filed a reply [#33].

## II.     STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  In reviewing a motion for judgment on the pleadings, the court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in that party's favor."  *Sanders v. Mtn. Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir.2012) (quotation omitted).  "A judgment on the pleadings is a drastic remedy," and should not be granted unless "the movant clearly establishes that no material issues of fact remain to be resolved and that he is entitled to judgment as a matter of law."  *Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F. Supp. 1048, 1049 (D. Colo. 1985); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (same); *Comcast Cable Commc'ns, LLC v. Hourani*, 190 F. Supp. 3d 29, 32 (D.D.C. 2016) ("Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the Court must treat [such a] motion with the greatest of care." (alteration in original) (quotation omitted)).  "A plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery."  *SKS Invs. Ltd. v. Gilman Metals Co.*, No. 12-cv-00806-LTB-CBS, 2013 WL 249099, at *1 (D. Colo. Jan. 23, 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2004)).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). The Court, however, cannot be a *pro se* litigant's advocate, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), and a party's "*pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil [] Procedure," *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that judgment on the pleadings is warranted, because "the pleadings show that there is no dispute of material fact that Defendant breached a contract he entered into with Plaintiff which resulted in harm to Plaintiff." [#26 at 1] The Court disagrees.

Under Colorado Law,[1] to succeed on a claim for breach of contract, a plaintiff must prove: (1) existence of a contract; (2) performance by the plaintiff; (3) failure to perform by the defendant; and (4) damages. *Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d 1035, 1058 (D. Colo. 2012) (citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). Liberally construing Defendant's Answer and drawing all reasonable inferences in his favor, the Answer raises material issues of fact at least with regard to (1) whether Defendant failed to perform his obligations under the Agreement, Note, and/or

---

[1] A federal court exercising diversity jurisdiction applies the laws of the forum state in analyzing the underlying state law claims. *See, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995). Neither party has argued for the application of a different state's law. Moreover, the Agreement contains a choice of law provision selecting Colorado law [#1-1, ¶¶ 20, 33] and both parties appear to have been located in Colorado at the time the Note and Amended Note were entered into [#1-2, 1-3].

4

Amended Note and (2) whether Plaintiff was harmed by any breach.  Although Defendant admits Plaintiff's allegations that he defaulted on the Note and Amended Note [#1, ¶¶ 26, 28; #6, ¶ 1], Defendant expressly states in the answer that he "denies owing anything" to Plaintiff and specifically denies owing Plaintiff the remaining $326,923.13 allegedly due pursuant to the Amended Note [#6, ¶ 5, 29].  Defendant's Answer also explicitly denies that Plaintiff was harmed as a result of Defendant failing to maintain corporate filings and licensing and by removing tangible property from the business.[2]  [#1, ¶¶ 17, 30; #6, ¶ 2]

Plaintiff thus has not satisfied his heavy burden of "clearly establish[ing] that no material issues of fact remain to be resolved and that he is entitled to judgment as a matter of law."  *Power Motive Corp.*, 617 F. Supp. at 1049.  Accordingly, the Motion is DENIED.

In his response to the Motion, Defendant asserts factual allegations suggesting that Plaintiff failed to disclose certain information material to the Agreement at the time it was executed and made inaccurate representations about the business.  [#32]  Defendant submitted an Affidavit with his response contending that "[t]he contract was based on a Fraudulent statement of the worth and future of the business in question."  [*Id.* at 3]  Defendant concludes his response to the Motion with a request that the Court "allow[ ] the Defendant to prove the fraudulent nature of the original agreement at trial."  [*Id.* at 2]  As Plaintiff notes in his reply, however, Defendant's allegations with regard to Plaintiff's

---

[2] Defendant also disputes the factual basis for Plaintiff's allegation that Defendant "removed tangible property" from the business, and indicates that his destruction of client files was mandated by HIPPA.  [#6, ¶ 4]  Construing Defendant's pro se filing liberally, it thus appears that Defendant may contend that, to the extent the contract required Defendant to maintain client files, such a provision would violate HIPPA and thus be unenforceable.  *See Tan v. Det-CO, Inc.*, No. 17-CV-01678-NYW, 2018 WL 922133, at *19 (D. Colo. Feb. 15, 2018) ("[T]he doctrine of illegality of contracts prevents a party to an illegal bargain from recovering damages for breach thereof.")

5

alleged omissions and inaccurate statements are not contained in his Answer and Defendant did not expressly raise any affirmative defenses in his Answer. [#33]

Pursuant to Federal Rule of Civil Procedure 8(c), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including fraud and illegality. Although Defendant has not expressly moved for leave to amend his answer, given his pro se status and clear intention to assert affirmative defenses to Plaintiff's breach of contract claim, the Court finds it appropriate to sua sponte grant Defendant leave to file an amended answer that includes all of this affirmative defenses. Plaintiff contends that Defendant "effectively waived [any] defenses" by failing to amend his pleadings "in the almost five-month window he was afforded" [#33 at 1], but the Court disagrees that such a harsh sanction is warranted. This case has been pending for less than nine months and Defendant's intent to raise affirmative defenses, including fraud, was obvious at least as of the filing of his response to Plaintiff's Motion—two months before the present deadline for the close of discovery.[3] Most importantly, "our legal system strongly prefers to decide cases on their merits" and thus "a dismissal or default sanctions order should be predicated on willfulness, bad faith, or [some] fault." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) (quotation omitted). Here, there is no indication that Defendant's failure to assert affirmative defenses in his Answer resulted from anything other than ignorance of the legal requirement.

Accordingly, the Court ORDERS Defendant to file an amended answer on or before August 7, 2020 that asserts all of his defenses as required by Federal Rule of

---

[3] To the extent the parties believe that additional time is needed for them to complete discovery, they shall meet and confer in good faith on new scheduling deadlines and submit a motion for extension of time to the Court with proposed, extended deadlines.

6

Procedure 8. Defendant is cautioned, however, that even as a pro se litigant, he must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992)). Future failures to comply with court rules may result in filings being stricken or summarily denied and/or the issuance of sanctions.

The Court advises both parties that they may qualify for assistance from the Colorado Bar Association Federal Pro Se Clinic, information available at http://www.cobar.org/cofederalproseclinic or by calling 303.380.8786.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings is [#26] be **DENIED** and Defendant is **ORDERED** to file an amended answer on or before **August 7, 2020**.

DATED: July 16, 2020                                    BY THE COURT:

                                                        s/Scott T. Varholak_____
                                                        United States Magistrate Judge