## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03031-STV

LENNY P. SULLEY,

      Plaintiff,

v.

JASON C. TAYLOR,

      Defendant.

---

## ORDER

---

Entered By Magistrate Judge Scott T. Varholak

This civil action is before the Court on Plaintiff's Notice of Second Motion for Judgment on the Pleadings ("the Motion"). [#36] The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [#7, 11, 12] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, **IT IS ORDERED** that the Motion is **DENIED**.

## I. BACKGROUND

This lawsuit arises out of the alleged breach of agreements related to Defendant Jason C. Taylor's purchase of a debt collection business from Plaintiff Lenny P. Sulley. [#1] Plaintiff alleges that, on April 1, 2009, Defendant entered into a Stock Purchase Agreement (the "Agreement") with him to purchase a debt collection business. [*Id.* at ¶ 7] On July 31, 2012, Defendant exercised his right under the Agreement to purchase the

remaining stock of the business from Plaintiff and entered into a promissory note (the "Note") personally guaranteeing a loan for $714,000. [*Id.* at ¶ 8] Defendant made the required payments through October 2017, but notified Plaintiff in November 2017 that he was no longer able to make the agreed upon monthly payments. [*Id.* at ¶¶ 9, 10] As a result, on December 11, 2017, Plaintiff and Defendant entered into an Amended Promissory Note (the "Amended Note") for the remaining principal balance of $342,573.42. [*Id.* at ¶ 11] Defendant made the required payments under the Amended Note through July 2018, at which time Defendant defaulted. [*Id.* at ¶ 14] The remaining principal balance at the time of default was $326,923.13. [*Id.* at ¶ 15]

Shortly after the default, Plaintiff discovered that Defendant had not maintained a current corporate filing with the Colorado Secretary of State or license with the Colorado Collection Agency Board for the business. [*Id.* at ¶ 16] Plaintiff also alleges that Defendant, in violation of the Note, removed tangible property from the business, including all of the business's client files. [*Id.* at ¶ 18] Plaintiff contends that, as a result of these actions, he was unable to retain operation of the business to try to recuperate the losses resulting from Defendant's default. [*Id.* at ¶¶ 17, 18] On December 31, 2018, Plaintiff sent Defendant a demand for payment. [*Id.* at ¶ 19]

On October 23, 2019, Plaintiff, proceeding pro se, initiated the instant lawsuit against Defendant by filing a Complaint asserting a single claim for breach of contract based upon Defendant's alleged default on the Amended Note, failure to maintain corporate filings and licensing for the business, and removal of tangible property from the business. [*Id.*] On November 21, 2019, Defendant, proceeding pro se, filed his Answer to the Complaint. [#6] Although Defendant admitted that he had entered into the

agreements and was unable to make payments thereunder, he denied "owing anything" to Plaintiff and denied that Plaintiff had been injured as a result of Defendant not maintaining the business filings and license and returning client files to the original creditors.  [*Id.*]

On May 4, 2020, Plaintiff filed his first motion for judgment on the pleadings, arguing that Defendant had conceded to breaching the contract he entered into with Plaintiff.  [#26]  On June 9, 2020, Defendant filed a response to the motion requesting that the Court deny the motion "and allow[ ] the Defendant to prove the fraudulent nature of the original agreement at trial."  [#32]  On July 16, 2020, the Court issued an Order denying the motion based upon the denials contained in Defendant's answer and the defense of fraud Defendant asserted in his opposition to the motion.  [#34]  The Court further ordered Defendant to file an amended answer that asserts all of his defenses as required by Federal Rule of Civil Procedure 8.  [*Id.* at 6-7]

On August 7, 2020, Defendant filed an Amended Answer.  [#35]  In the Amended Answer, Defendant responded to the allegations of the Complaint in the same manner as he had in his original answer but added an affirmative defense of fraud.  [*Compare* #6 *with* #35]  In support of his fraud affirmative defense, Defendant alleges that, at the time of purchase, the valuation of the debt collection business was based on "all incomes and expenditures following the pattern of the prior fifteen plus years in terms of accounts placed and profits made from said accounts," and that Plaintiff "expressly conveyed that he had no reason to believe that anything was going to change with any of the standing business relationships."  [#35, ¶ 8]  Defendant further claims that, contrary to that representation, Plaintiff knew that Rocky Mountain HMO, which generated approximately

eighty-five percent of the debt collection company's total income, would be greatly reducing the number of accounts referred to the debt collection company "in the near future." [*Id.*] According to Defendant, Plaintiff learned of this prior to the signing of the Agreement and failed to disclose it to Defendant. [*Id.*] Shortly after signing the Agreement, the debt collection company was officially notified by Rocky Mountain HMO that it would only receive approximately twenty-five percent of the number of accounts that it had been receiving for the prior fifteen years. [*Id.*]

On August 20, 2020, Plaintiff filed the instant Motion again seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [#36] On September 14, 2020, the Court *sua sponte* granted Defendant an extension until October 1, 2020 to respond to the Motion. [#37] As of the filing of this Order, Defendant has neither filed a response to the Motion nor requested additional time to do so.[1]

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion for judgment on the pleadings, the court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from

---

[1] Despite Defendant's failure to respond to the Motion, the Court still evaluates the Motion on its merits. *See Pattison v. Great-West Fin. Ret. Plan Servs., LLC*, No. 17-2136-CM, 2018 WL 3364642, at *1 (D. Kan. July 10, 2018) ("The court . . . cannot grant defendant's [motion for judgement on the pleadings] solely based on plaintiff's failure to respond."); *cf. Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2013) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."); *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (finding that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party" but rather "[t]he district court must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56").

the pleadings in that party's favor."  *Sanders v. Mtn. Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir.2012) (quotation omitted).  "A judgment on the pleadings is a drastic remedy," and should not be granted unless "the movant clearly establishes that no material issues of fact remain to be resolved and that he is entitled to judgment as a matter of law."  *Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F. Supp. 1048, 1049 (D. Colo. 1985); *see also Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (same); *Comcast Cable Commc'ns, LLC v. Hourani*, 190 F. Supp. 3d 29, 32 (D.D.C. 2016) ("Because a Rule 12(c) motion would summarily extinguish litigation at the threshold and foreclose the opportunity for discovery and factual presentation, the Court must treat [such a] motion with the greatest of care." (alteration in original) (quotation omitted)).  "A plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery."  *SKS Invs. Ltd. v. Gilman Metals Co.*, No. 12-cv-00806-LTB-CBS, 2013 WL 249099, at *1 (D. Colo. Jan. 23, 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2004)).  Nor may a plaintiff obtain judgment on the pleadings "if the answer raises . . . an affirmative defense which, if proved, would defeat plaintiff's recovery."  *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002); *see also Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1159 (9th Cir. 2015) ("[A] plaintiff is not entitled to judgment on the pleadings if the defendant's answer raises issues of fact or affirmative defenses").

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  The

Court, however, cannot be a *pro se* litigant's advocate, *see Yang v. Archuleta*, 525 F.3d

925, 927 n.1 (10th Cir. 2008), and a party's "*pro se* status does not excuse the obligation

of any litigant to comply with the fundamental requirements of the Federal Rules of Civil

[ ] Procedure," *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that judgment on the pleadings is warranted, because "the

pleadings show that there is no dispute of material fact that Defendant breached a

contract he entered into with Plaintiff which resulted in harm to Plaintiff."  [#36 at 1]  The

Court disagrees.

### A.   Disputed Issues of Material Fact

Under Colorado Law,[2] to succeed on a claim for breach of contract, a plaintiff must

prove: (1) existence of a contract; (2) performance by the plaintiff; (3) failure to perform

by the defendant; and (4) damages.  *Shell v. Am. Family Rights Ass'n*, 899 F. Supp. 2d

1035, 1058 (D. Colo. 2012) (citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058

(Colo. 1992)).   Liberally construing Defendant's Amended Answer and drawing all

reasonable inferences in his favor, the Amended Answer raises material issues of fact at

least with regard to (1) whether Defendant failed to perform his obligations under the

Agreement, Note, and/or Amended Note and (2) whether Plaintiff was harmed by any

breach.  Although Defendant admits Plaintiff's allegations that he defaulted on the Note

---

[2] A federal court exercising diversity jurisdiction applies the laws of the forum state in
analyzing the underlying state law claims. *See, e.g.*, *Erie R.R. Co. v. Tompkins*, 304 U.S.
64, 78 (1938); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995).  Neither party
has argued for the application of a different state's law.  Moreover, the Agreement
contains a choice of law provision selecting Colorado law [#1-1, ¶¶ 20, 33] and both
parties appear to have been located in Colorado at the time the Note and Amended Note
were entered into [#1-2, 1-3].

and Amended Note [#1, ¶¶ 26, 28; #35, ¶ 1], Defendant expressly states in the Amended Answer that he "denies owing anything" to Plaintiff and specifically denies owing Plaintiff the remaining $326,923.13 allegedly due pursuant to the Amended Note.  [#35, ¶ 5]  Defendant's Amended Answer also explicitly denies that Plaintiff was harmed as a result of Defendant failing to maintain corporate filings and licensing and by removing tangible property from the business.[3]  [#1, ¶¶ 17, 30; #35, ¶ 2].

The Court thus finds that Defendant's Amended Answer denies allegations material to Plaintiff's claims and Plaintiff thus has not satisfied his heavy burden of "clearly establish[ing] that no material issues of fact remain to be resolved and that he is entitled to judgment as a matter of law." *Power Motive Corp.*, 617 F. Supp. at 1049.

## B.    Affirmative Defense

In addition, Defendant's Amended Answer raises an affirmative defense of fraud. [#35, ¶ 7, 8, 9]  Specifically, Defendant alleges that, at the time of his purchase, the debt collection business was valued based on all incomes and expenditures following the pattern of the prior fifteen years, and Plaintiff "expressly conveyed that he had no reason to believe that anything was going to change with any of the standing business relationships."  [#35, ¶ 8]  Contrary to that representation, Defendant alleges that Plaintiff had been informed by Barbara Case that Rocky Mountain HMO—the business's largest client—intended to greatly reduce the number of accounts referred to the debt collection business and Plaintiff failed to disclosure that information to Defendant prior to the sale. [*Id.*]

---

[3] Defendant also disputes the factual basis for Plaintiff's allegation that Defendant "removed tangible property" from the business and indicates that his destruction of client files was mandated by HIPPA.  [#35, ¶ 4]

In the Motion, Plaintiff contends that Defendant's fraud affirmative defense should be disregarded because (1) Defendant fails to allege the fraud defense with particularity as required by Federal Rule of Civil Procedure 9(b) and (2) the statute of limitations has expired on any claim of fraud.[4]  [#36 at 13-15]  The Court does not find either argument persuasive.

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," but clarifies that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Accordingly, "a complaint alleging fraud [must] 'set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir.1991)).

Plaintiff first contends that Defendant "fails to give a time and place as to the moment the alleged fraud was discovered."  [#36 at 13]  Neither the elements of a fraud

---

[4] The elements for a claim of fraud in the inducement under Colorado law are as follows:

(1) A false representation of a material existing fact, or a representation as to a material existing fact made with a reckless disregard of its truth or falsity; or a concealment of a material existing fact, that in equity and good conscience should be disclosed; (2) knowledge on the part of the one making the representation that it is false; or utter indifference to its truth or falsity; or knowledge that he is concealing a material fact that in equity and good conscience he should disclose; (3) ignorance on the part of the one to whom representations are made or from whom such fact is concealed, of the falsity of the representation or of the existence of the fact concealed; (4) the representation or concealment is made or practiced with the intention that it shall be acted upon; and (5) action on the representation or concealment resulting in damage.

*Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, 249 F. App'x 63, 83 (10th Cir. 2007) (quotation omitted).

defense nor the pleading requirements of Rule 9(b), however, require the party asserting fraud to allege when or where the fraud was discovered.  Instead, the party asserting fraud must allege the "time, place and contents of the false representation."  *Koch*, 203 F.3d at 1236 (quotation omitted).  Plaintiff next contends that Defendant "states that Plaintiff learned about [Rocky Mountain] HMO's [reduction in] account assignments at a lunch at the same time that Defendant learned of it, admitting that Defendant was aware of [Rocky Mountain] HMO's position regarding assigning accounts . . . before [Defendant] purchased the [b]usiness from Plaintiff." [#36 at 14]  Contrary to Plaintiff's representation, the Amended Answer clearly alleges that Defendant learned at the lunch (which based on context is alleged to have occurred *after* Defendant's purchase of the business) "that Plaintiff had prior knowledge of the loss of Rocky Mountain [HMO] revenue." [#35, ¶ 9]  Plaintiff further argues that "Plaintiff never made a statement to Defendant . . . [or] represented to Defendant that any client accounts would remain after he sold to Defendant." [#36 at 14]  This, however, is a disputed issue of fact as the Amended Answer alleges that Plaintiff "expressly conveyed that he had no reason to believe that anything was going to change with any of the standing business relationships," even though Plaintiff allegedly knew at the time that Rocky Mountain HMO intended to greatly reduce the number of accounts it placed with the business "in the near future." [#35, ¶ 8]

Finally, although Plaintiff contends that the statute of limitations has run on Defendant's affirmative defense of fraud, Plaintiff provides no authority for a finding that a fraud affirmative defense is subject to the three-year statute of limitations that applies to a cause of action for fraud. [#36 at 15 (citing Colo. Rev. Stat. § 13-80-101(1)(c))][5]  Nor

_____

[5] Pursuant to Section 13-80-101(1)(c):  "The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced

did the Court's independent research locate any.  To the contrary, the "statute of limitation is not a bar to a claim asserted as a defense."  *Grynberg v. Waltman*, 946 P.2d 473, 475 (Colo. App. 1996); *see also Pringle v. Water Quality Ins. Syndicate*, 646 F. Supp. 2d 1161,1171 (C.D. Cal. 2009) ("If the result the defendant seeks [through the assertion of fraud] is simply that he or she owes no obligations under an agreement alleged by the plaintiff, the matter must be deemed a defense to which the statute of limitations does not apply." (quotation omitted)); 51 Am. Jur. 2d Limitation of Actions § 98 ("Statutes of limitations are not intended to affect matters asserted strictly in the defense of an action."). Plaintiff thus has not established that Defendant is barred by the statute of limitations from asserting an affirmative defense of fraud.

Because Plaintiff has not demonstrated that Defendant's affirmative defense of fraud is insufficient as a matter of law, Plaintiff has not established that he is entitled to judgment on the pleadings.  *See Qwest Commc'ns Corp.*, 208 F.R.D. at 291; *Pit River Tribe*, 793 F.3d at 1159.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [#36] is **DENIED.**

DATED: November 20, 2020                    BY THE COURT:

                                            s/Scott T. Varholak_____
                                            United States Magistrate Judge

---

within three years after the cause of action accrues, and not thereafter: . . . All actions for fraud, misrepresentation, concealment, or deceit."